# CIRCUIT COURT OF LOUDOUN COUNTY

Malori Madison

v.

Loudoun County
Board of Supervisors
and Loudoun County

January 12, 2011

Case No. CL62478

By Judge Thomas D. Horne

Plaintiff seeks relief by way of declaratory judgment and Mandamus. She complains that the Rules and Procedures of the Historic District Review Committee (HDRC) are unconstitutional on their face and as applied to her. At issue in this case is the constitutional vitality of the application of a rule affording to the Committee reconsideration of her application for a Certificate of Appropriateness to build a home in the Village of Waterford, Virginia.

Defendants have demurred to the instant Amended Complaint as well as filed a Plea in Bar. The Court invited written comments upon the question of whether the HDRC could adopt rules of procedure, and more particularly, a rule that would permit reconsideration of an application by someone, such as the petitioner, seeking design approval. It is the opinion of the Court that the Committee has properly adopted such a rule, that is:

> 15. The Committee may reconsider an action only at the same meeting or succeeding meeting. A motion for reconsideration may be made only by a member voting with the prevailing side or one who has not voted on the question.

While the actions of the governing body of the County may, in circumstances, implicate the application of the Dillon Rule, this is not such a situation. In this case, in accordance with the provisions of the County Zoning Ordinance, the Board of Supervisors has granted to the HDRC the authority to adopt operating procedures. This would include a process

for reconsideration upon a motion by a member of the HDRC who had previously voted on the prevailing side. Thus, any facial challenge to the application of the rules of procedure governing reconsideration must fail.

However, plaintiff has challenged both the right of the HDRC to reconsider an application as well as the exercise of that right in her case. Among other things, she has challenged the verity of the minutes reflecting the action of the HDRC. Such allegations relate to the application of the rules rather than their constitutional validity. The discretionary actions of the HDRC are subject to statutorily provided legislative and judicial review. The plaintiff has specific recourse to a statutory appeal to seek review of the reasonableness of the action and, more specifically, the right to challenge whether the act of reconsideration was justified. Should the Court conclude reconsideration was improper, any appeal of the approved application would be unavailing and contraindicated.

This decision does not address any vested rights claim, claim of arbitrary and capricious actions by the HDRC, or other disposition for which a remedy may exist. The scope of this case is limited to the narrow issue of the power of the HDRC to act.

On this narrow issue and that of the propriety of Mandamus, the defendants must prevail. Plaintiff has an appropriate administrative remedy to challenge the merits of any reconsideration of the HDRC decision.

In summary, any challenge to the reasonableness of the actions of the HDRC is subject to administrative appeal to the Board of Supervisors and subsequent judicial review. Exhaustion of remedies would preclude such a review in this case. Additionally, this is not a vested rights claim arising out of the initial approval of the application. That is the subject of another proceeding. Central to this case is the propriety of the procedure for reconsideration within the context of a facial and an applied constitutional challenge.

As limited to the discrete issues in this case, the Court will sustain the Demurrer and Plea in Bar of the defendants without prejudice to the plaintiff's right to challenge the efficacy of the governmental actions relevant to the Application in other proceedings.